CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 28 2020

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHNNIE DARNELL PERKINS, | CASE NO. 7:20CV00029 |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| SUPERINTENDENT, MIDDLE RIVER REGIONAL JAIL, | By: Hon. Glen E. Conrad<br>Senior United States District Judge |
| Respondent. | |

Petitioner Johnnie Darnell Perkins, a Virginia inmate proceeding pro se, filed this federal petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging ineffective assistance of counsel claims. He challenges the July 2019 judgment of the Rockingham County Circuit Court under which he stands convicted of a drug offense and sentenced to serve prison time. Upon review of the record, the court concludes that the petition must be summarily dismissed without prejudice, because Perkins has not yet presented his habeas claims to the state courts.

Under 28 U.S.C. § 2254(b), a federal court like this one cannot grant a habeas petition unless the petitioner has pursued and exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the claims, throughout the state court system, to the highest state court with jurisdiction to consider the claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). If a § 2254 petitioner comes to federal court while he still has available court actions that he can bring to litigate his habeas claims in the state courts, the federal court must dismiss his § 2254 petition without prejudice to allow him to exhaust those state court remedies. Slayton v. Smith, 404 U.S. 53, 54 (1971).

Perkins' § 2254 petition alleges that his trial counsel provided ineffective assistance—a claim that generally cannot be raised on direct appeal in Virginia and should be raised, instead, in

a petition for a writ of habeas corpus. Lenz v. Commonwealth, 544 S.E. 2d 299, 304 (Va. 2001). Under Virginia law, Perkins may file a state habeas petition in the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(A)(1); § 17.1-406(B). In the alternative, he can file a state habeas petition directly with the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(A)(1). Whichever route he follows in exhausting state court remedies, Perkins must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them on the merits under § 2254.

Perkins states in his petition that his direct appeal is currently pending, and state court records online verify that fact. He does not indicate that he has filed a habeas corpus petition in either the circuit court or the Supreme Court of Virginia, and court records indicate that he has not done so.[1] Because Perkins clearly has available state court remedies through which to present his claims, he has not yet exhausted available state court remedies as required under § 2254(b). Therefore, the court must dismiss his § 2254 petition without prejudice to allow him to return to state court to do so. Slayton, 404 U.S. at 54. An appropriate order will issue this day. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to Perkins.

ENTER: This 28th day of January, 2020.

_____
Senior United States District Judge

---

[1] Perkins also states that he filed a motion in his criminal case before the Rockingham County Circuit Court, asking for his case to be revisited on grounds of ineffective assistance, breach of contract, and tampering with evidence. He reports that this motion was denied on January 6, 2020. Such a motion does not satisfy the requirement to exhaust all available state court remedies, because habeas corpus remedies are still an option.